IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUGUSTINE PINA, JR., §<br>TDCJ No. 2152316, § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> DIRECTOR, TDCJ-CID, § <br> § <br> Respondent. § | | No. 3:21-cv-2114-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Augustine Pina, Jr. "pled not guilty to possession with intent to deliver cocaine," "the jury found him guilty of the lesser-included offense of possession of cocaine," and "[t]he court assessed punishment at thirty years imprisonment." *Pina v. State*, No. 05-17-00918-CR, 2018 WL 6629527, at *1 (Tex. App. – Dallas Dec. 19, 2018, pet ref'd), *aff'g as modified State v. Pina*, No. F-1751152-Q (204th Jud. Dist. Ct. July 27, 2017) [Dkt. No. 16-1 at 3-5].

After his criminal judgment was affirmed as modified, the Texas Court of Criminal Appeals (the CCA) refused Pina's petition for discretionary review (PDR). *See Pina v. State*, PD-0261-19 (Tex. Crim. App. June 26, 2019) [Dkt. No. 16-1 at 56-59]. The CCA then denied his state habeas application without written order. *See Ex parte Pina*, WR-91,284-01 (Tex. Crim. App. Aug. 12, 2020) [Dkt. No. 16-1 at 81].

After that, Pina filed a *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus no sooner than August 21, 2021, the date on which he certifies that he placed

it in the prison mailing system.[1] *See* Dkt. No. 3 at 10.

United States District Judge Jane J. Boyle referred the habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. It was served. *See* Dkt. No. 10. The State responded, arguing, in part, that the petition should be dismissed as time barred under the limitations provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Dkt. Nos. 14-16. And Pina replied. *See* Dkt. No. 17.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the federal habeas petition with prejudice as time barred.

**Legal Standards**

"AEDPA in 1996 introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, ___ F.4th ___, No. 20-60098, 2022 WL 3150330, at *6 (5th Cir. Aug. 8, 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510,

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at *10 (citing 28 U.S.C. § 2244(d)):

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to

equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

## Analysis

The timeliness of most Section 2254 applications is determined under Section 2244(d)(1)(A), based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

This availability includes review by the United States Supreme Court under 28 U.S.C. § 1257(a). *See, e.g., Wallace*, 2022 WL 3150330, at *11 ("[T]he [Supreme]

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

Court may review a final state-court judgment if, *inter alia*, it is "rendered by the highest court of a State in which a decision could be had.'" And "AEDPA's finality provision accounting for 'time for seeking such review' includes the 90-day period for filing a petition for writ of certiorari." (citations and emphasis omitted)).

Because Pina did not petition the Supreme Court for certiorari review, the applicable state judgment became final under AEDPA no later than September 24, 2019 – 90 days after the CCA refused the PDR (on June 26, 2019). *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And the period during which Pina sought state habeas relief, from the filing of the application in the state trial court, on April 1, 2020, *see* Dkt. No. 16-1 at 76, to its denial by the CCA, on August 12, 2020, statutorily tolled the limitations period. So, crediting Pina the 134 days that the limitations period was tolled, his Section 2254 petition would have been timely if it was filed by February 5, 2021 (September 24, 2020 + 134 days = February 5, 2021). His federal habeas petition, filed no sooner than August 21, 2021, is therefore more than eight months too late and should be denied as time barred absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Pina neither relies on another provision of Section 2244(d)(1) nor advances a claim of tolling under the narrow actual innocence gateway, but he does argue that

the limitations period should be equitably tolled because – more proximate to the date by which he should have filed his Section 2254 application – lockdowns in response to the COVID-19 pandemic and the February 2021 winter storm that crippled Texas's power grid hampered his ability to access the prison law library and to obtain assistance from another inmate to file the Section 2254 application. *See, e.g.*, Dkt. No. 17.

But Pina's various allegations in support of equitable tolling are conclusory – that is, they do not show that an allegedly extraordinary circumstance proximately prevented the timely filing of the federal habeas petition. *Cf., e.g.*, *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) ("Rather, [a petitioner] must also show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." (citations omitted) (analyzing tolling under Section 2244(d)(1)(B))).

And "common problems of inmates who are trying to pursue postconviction habeas relief" do not alone – or even in the aggregate – justify equitable tolling. *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of

actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." (citing *Felder*, 204 F.3d at 171-72; *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000)); *Zepeda v. Stephens*, No. 3:14-cv-2072-B, 2015 WL 105165, at *3 (N.D. Tex. Jan. 6, 2015) ("Petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. His conclusory claim that he did not have adequate access to a law library does not show he is entitled to equitable tolling. And whether claims have merit is not a factor in determining equitable tolling. Petitioner has not shown he is entitled to equitable tolling." (citing *Felder*, 204 F.3d at 171-72)).

So, absent a causal relationship between an extraordinary circumstance beyond his control and the untimely filing of the federal habeas petition, Pina's equitable tolling arguments fail. And the Court should dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

The Court should dismiss Petitioner Augustine Pina, Jr.'s 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE